UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY R. GREER
and CATHY D. GREER,

       Plaintiffs,

                                Case No. 2:10-cv-72

v.                                    HON. R. ALLAN EDGAR

HOUSEHOLD FINANCE CORP., et al.,

       Defendants.

_____/


**<u>REPORT AND RECOMMENDATION</u>**

       Plaintiffs filed this action pursuant to 28 U.S.C. § 1332 against Defendants Household

Finance Corporation, Shelena Strauss, Mortgage Electronic Registration Systems (MERS), and John

and Jane Doe as unknown owners of securitized note. Plaintiffs allege that they have owned

property on 1016 Maplewood Drive, in Hancock, Michigan, for eighteen years and that Defendant

Household Finance has offices at 2929 Walden Ave, Depew, New York. Defendant Strauss is an

employee of HSBC Mortgage Service with offices in Depew, New York, and Defendant MERS has

offices in Vienna, Virginia.

       Plaintiffs contend that Defendants have no right to foreclose on the property and that

the filing of foreclosure action in the state court clearly constituted a fraud on the court by

Defendants because they are not the actual owners of the mortgage note. Plaintiffs have also filed

a motion to stay the execution of a judgment of foreclosure in favor of Defendants issued by the

Houghton County Circuit Court in Case No. 10-14473-AV (docket #3). Plaintiffs seek relief in the

form of damages and sanctions against Defendants for filing an action to foreclose without proof of ownership of the note.

In the opinion of the undersigned, the matter should be dismissed as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). A complaint may be dismissed for failure to state a claim if the court determines that the plaintiff would not be entitled to relief, even if everything alleged in the complaint was true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

The federal courts are courts of limited jurisdiction, and Plaintiffs have the burden of proving the Court's jurisdiction. *United States v. Horizon Healthcare*, 160 F.3d 326, 329 (6th Cir. 1998). Even where subject matter jurisdiction is not raised by the parties, the Court must consider the issue *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998); *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 189 (6th Cir. 1993).

This Court lacks subject matter jurisdiction over Plaintiffs' claims. A federal district court has no authority to review final judgments of state court judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir.1998). Even constitutional claims which are inextricably intertwined with the state court decisions are not reviewable. *Feldman*, 460 U.S. at 483 n.16; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir. 2000); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). A federal claim is inextricably intertwined with the state-court judgment "'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only

be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'" *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 391 (6th Cir. 2002) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998)) (other internal citations omitted); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (under the *Rooker- Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."); *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002); *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492-93 (6th Cir. 2001); *Patmon*, 224 F.3d at 506-07. A defendant who loses in state court and then sues in federal court is asserting injury at the hands of the state court and his federal suit is making an impermissible attempt to obtain federal collateral review. *Garry v. Gels*, 82 F.3d 1362, 1367-68 (7th Cir.1996); *Stewart v. Fleet Financial Group*, No. 96-2146, 129 F.3d 1265, 1997 WL 705219, *1 (6th Cir. Nov. 4, 1997).

In *Ritter v. Ross*, 992 F.2d 750 (7th Cir. 1993), the Seventh Circuit held that the plaintiffs, who had been defendants in a state court foreclosure action, were essentially seeking federal district court appellate review of a state judicial proceeding. The court noted that the plaintiffs' claims were inextricably intertwined with the merits of that proceeding and concluded that, pursuant to *Rooker*, the lower federal courts had no jurisdiction over the complaint. *Id.* at 755.

The undersigned notes that Plaintiffs' claims in this case are "inextricably intertwined" with decision of the state courts because they amount to nothing more nor less than a "prohibited appeal" from the decisions of the Houghton County Circuit Court. *Peterson Novelties*, 305 F.3d at 390. The recourse available to Plaintiffs in response to adverse state-court decisions was

to pursue timely appeals in the Michigan Court of Appeals, thereafter seek leave to appeal to the Michigan Supreme Court, and if necessary apply for a writ of *certiorari* to the United States Supreme Court. *Gottfried*, 142 F.3d at 330 ("[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments.").

Because the *Rooker - Feldman* doctrine clearly precludes a lower federal court from reviewing state-law decisions, Plaintiffs' case is properly dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. A claim dismissed the basis of the *Rooker-Feldman* doctrine is legally frivolous and constitutes a dismissal pursuant to 28 U.S.C. § 1915(g). *See Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994); *Parker v. Phillips*, No. 01-5325, 2001 WL 1450704 (6th Cir. 2001) (holding action to be frivolous under § 1915(g) where one ground for dismissal is *Rooker-Feldman*); *Carlock v. Williams*, No. 98-5545, 1999 WL 454880 (6th Cir. June 22, 1999) (same).

In addition, for the same reasons that the undersigned recommended dismissal of this action, the undersigned discerns no good-faith basis for an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1961).

Finally, should the court adopt the report and recommendation, Plaintiffs' motion for stay (docket #3) is properly denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

> /s/ Timothy P. Greeley
> TIMOTHY P. GREELEY
> UNITED STATES MAGISTRATE JUDGE

Dated:  June 3, 2010