UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY R. GREER and CATHY
D. GREER,

    Plaintiffs,

v.     Case No. 2:10-cv-72
    HON. R. ALLAN EDGAR

HOUSEHOLD FINANCE CORPORATION,
et al.,

    Defendants.
_____/

**MEMORANDUM**

Plaintiffs Gregory and Cathy Greer have filed this diversity action against Defendants Household Finance Corp., Shelena Strauss, Mortgage Electronic Registration Systems ("MERS"), and John and Jane Doe as unknown owners of a securitized note. The Plaintiffs assert in their Complaint that the Defendants have attempted to foreclose on property in which they have no interest. [Court Doc. No. 1]. Plaintiffs assert that they have owned the subject property, 1016 Maplewood Drive, in Hancock, Michigan for 18 years. *Id.* They further contend that the filing of a foreclosure action in state court was fraudulent because the Defendants are not the owners of the mortgage note. *Id.* They have filed a motion to stay that appears to request that this court stay the foreclosure action currently proceeding in the Circuit Court of Houghton County, Michigan. [Court Doc. No. 3].

On June 3, 2010 United States Magistrate Judge Timothy Greeley issued a Report and Recommendation recommending dismissal of this action in its entirety. [Court Doc. No. 7]. The Plaintiffs timely objected to the Magistrate's Report and Recommendation. [Court Doc. No. 10]. This Court must conduct a *de novo* review of the portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). This Court may then either accept, reject or

modify the Magistrate's Report and Recommendation either in whole or in part. *Id.*

**I.     Analysis**

The Magistrate Judge recommended dismissal for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiffs bear the burden of proof of demonstrating jurisdiction as they are the party seeking to invoke this court's jurisdiction.  *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).  Federal courts must address whether they have jurisdiction *sua sponte*.  *See Federal Trade Comm'n v. Owens-Corning Fiberglass Corp.*, 853 F.2d 458, 464 (6th Cir. 1988); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628 (6th Cir. 1992); *see also*, Fed. R. Civ. P. 12(h)(3) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

The Magistrate Judge recommended dismissal because this court lacks subject matter jurisdiction over the Plaintiffs' claims.  This court agrees with the Magistrate Judge's assessment.  Plaintiffs' claims must be dismissed based on the *Rooker-Feldman* doctrine which provides that federal courts may not interfere with final judgments of state court proceedings.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 482, 103 S.Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504 (6th Cir. 2000).

In *Patmon* the Sixth Circuit made clear that "[t]he federal district courts will [even] lack subject matter jurisdiction over constitutional challenges to state rules and procedures under the *Rooker-Feldman* doctrine, . . . where the general constitutional challenge is 'inextricably intertwined' with state judicial proceedings." 224 F.3d at 509-510.  As noted by the Seventh Circuit in *Ritter v. Ross*, "[t]here is, unfortunately, no bright line that separates a federal claim that is 'inextricably intertwined' with a state court judgment from a claim that is not so intertwined.  The crucial point is whether 'the district court is in essence being called upon to review the state-court

-2-

decision.'" 992 F.2d 750, 754 (7th Cir. 1993) (quoting *Feldman*, 460 U.S. at 483-84 n.16, 103 S.Ct. at 1316 n.16). Plaintiffs here are attempting to challenge the state court foreclosure proceedings in this court as evidenced by their Motion to Stay. [Court Doc. No. 3]. This move is prohibited by the *Rooker-Feldman* doctrine. They are essentially asking this court to set aside the foreclosure judgment in state court. *See* [Court Doc. No. 3]. This court simply does not have jurisdiction to review such state court proceedings.

In *Tropf v. Fidelity Nat. Title Ins. Co.* the court addressed claims similar to the claims made by the Plaintiffs here and determined that they were precluded under the *Rooker-Feldman* doctrine. 289 F.3d 929 (6th Cir. 2002). The court noted:

> The [plaintiffs] allege a variety of vague fraud and RICO claims, as well as constitutional due process and equal protection violations under 42 U.S.C. § 1983. All their claims, however, rely on the argument that the warranty deed and land contract executed by the Tropfs and Wolenski were fraudulent. Because the warranty deed and land contract were upheld in all of the state actions involving the [plaintiffs], the [plaintiffs'] federal claims are therefore predicated on their conviction that the state courts were wrong – the very definition of "inextricably intertwined." Moreover, the [plaintiffs] do not argue that any state law applied to them is itself unconstitutional; instead, they argue only that their equal protection and due process rights were violated in the particular application of the state laws to their case. Thus, the district court was correct in finding that it did not have subject matter jurisdiction based on the *Rooker-Feldman* abstention doctrine.

*Id.* at 937-38. In *Ritter* the Seventh Circuit also found that the plaintiffs' attempt to challenge state foreclosure proceedings was precluded by the *Rooker-Feldman* doctrine. 992 F.2d at 755. The court noted that the plaintiffs "like the plaintiff in *Rooker*, are essentially seeking a federal district court appellate review of a state judicial proceeding; their claims against Defendants are inextricably intertwined with the merits of that proceeding. As in *Rooker*, the lower federal courts have no jurisdiction over this complaint." *Id.*

Although the Plaintiffs have objected to the Magistrate Judge's Report and Recommendation, which explicates the *Rooker-Feldman* doctrine, the cases cited by the Plaintiffs

are not pertinent to the legal jurisdictional issues raised in this matter. Although they cite *Penn General Casualty Co. v. Commonwealth of Pennsylvania* as support for their objections to the Report and Recommendation, that case does not support the Plaintiffs' argument. 294 U.S. 189, 55 S.Ct. 386 (1935). In *Penn General* the Supreme Court held that:

> Where the judgment sought is strictly in personam, for the recovery of money or for an injunction compelling or restraining action by the defendant, both a state court and a federal court having concurrent jurisdiction may proceed with the litigation, at least until judgment is obtained in one court which may be set up as res adjudicata in the other.

294 U.S. at 195, 55 S.Ct. at 389. In this case, the Plaintiffs are asking this court to intervene in state court foreclosure proceedings that are already underway and have resulted in a judgment. They are, in effect, asking this court to serve as an appellate court for the state court. This is not the same concept as a state court and a federal court having concurrent jurisdiction as described in *Penn General Casualty Co.* 294 U.S. 189, 55 S.Ct. 386.

## II.    Conclusion

Because Petitioner's objections to the Report and Recommendation are without merit, this court hereby **ACCEPTS** and **ADOPTS** the Report and Recommendation. A separate judgment will enter.

                                                    */s/ R. Allan Edgar*
                                                    R. ALLAN EDGAR
                                       UNITED STATES DISTRICT JUDGE